## HUNTER v. UNITED STATES.
### No. 341.

District Court, W. D. Missouri, Central Division.

March 27, 1935.

Goldman &. Daley, of Kansas City, Mo., for plaintiff.

Maurice M. Milligan, U. S. Atty., and Chas. L. Chalender, Atty., Department of Justice, both of Kansas City, Mo., for defendant.

OTIS, District Judge.

This case is a suit to recover on a contract of war risk insurance. On October 17, 1934, in the September, 1934, term of this court, a final judgment dismissing the case for want of jurisdiction was made.[1]

On November 1, 1934, the plaintiff filed with the clerk what was labeled a "Motion to Set Aside Judgment and for New Trial." But this motion was filed out of time (the time fixed by the Missouri statute for the filing of motions for new trials) and without leave of court (as required by the rules of this court for motions for rehearing as to rulings on motions). It is of no significance and is disregarded.

The September, 1934, term of this court ended at midnight March 17, 1935. No steps were taken to appeal during that term from the judgment of dismissal entered. On March 18, 1935, however, that being the first day of the March, 1935, term, the plaintiff filed and submitted a motion to reinstate the case.

The motion to reinstate is bottomed on the joint resolution of Congress approved January 28, 1935 (38 USCA § 445c). One of the provisions of that resolution is that any war risk insurance case which has been dismissed on the ground referred to in the resolution "may be reinstated within three months from the date of enactment of this resolution [January 28, 1935]."

I think this case was dismissed on the ground referred to in the resolution of Congress (counsel for the United States thinks otherwise), but I do not think Congress has the power to reinstate in any court any case in which a final judgment has been entered. That is not within the scope of legislative power. Setting aside a judgment and reinstating the case in which it was entered certainly is an exercise of that judicial power which the Constitution vests exclusively in the courts.

The motion to reinstate the case, having been duly considered by the court and the court being fully advised in the premises, is by the court denied. It is so ordered.

The plaintiff is allowed an exception.

---

[1] No written opinion filed.